**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 17 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50424 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00590-BTM |
| v. | |
| MARTIN ARRIOLA-OREGEL, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Barry Ted Moskowitz, Chief Judge, Presiding

Submitted July 11, 2017[**]

Before:     CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

Martin Arriola-Oregel appeals from the district court's judgment and challenges the 48-month sentence imposed following his guilty-plea conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952, 960. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for resentencing.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Arriola-Oregel argues that the district court erred in denying a minor role reduction to his base level offense under U.S.S.G. § 3B1.2(b). After Arriola-Oregel was sentenced, the United States Sentencing Commission issued Amendment 794 ("the Amendment"), which amended the commentary to the minor role Guideline. The Amendment is retroactive to cases pending on direct appeal. *See United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016). Among other things, the Amendment added a non-exhaustive list of factors that a court "should consider" in determining whether to apply a minor role reduction. *See id.* Because the Amendment was not yet in effect, the district court did not consider those factors. Accordingly, we vacate Arriola-Oregel's sentence and remand for resentencing under the Amendment. *See Quintero-Leyva*, 823 F.3d at 523-24.

**VACATED and REMANDED for resentencing.**